IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | C.A. No.: 6:13-cv-0232-TMC-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| William Charles Walker, II, et al., | |
| Defendants. | |

This matter is before the Court upon review of the record. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to hear and determine all pre-trial matters in cases involving litigation by individuals proceeding pro se. For the reasons set out below, the Court recommends that this case be dismissed for failure to properly serve Defendants within the time limits set out in Federal Rule of Civil Procedure 4(m), for failure to comply with Court Orders and for failure to prosecute.

## BACKGROUND

Plaintiff filed its Complaint on January 25, 2013, seeking to foreclose real estate mortgages on property situated in this District. [Doc. 1.] Plaintiff timely served Defendants William Charles Walker, II, Nancy G. Walker and Betty A. Garren with the initial Complaint. [Docs. 7, 8, 18.] Defendant Agsouth Farm Credit ACA was served on June 17, 2013, which was outside of the 120-day period prescribed by Rule 4(m). [Doc. 36.] On August 2, 2013, the Court allowed Plaintiff to amend its Complaint, which Plaintiff filed on August 7, 2013. [Doc. 50.] On January 15, 2014, the Court issued an Order to Show Cause, requiring

Plaintiff to show cause as to why the Amended Complaint had not been served on the Defendants and therefore why the case should not be dismissed for failure to comply with the mandates of Rule 4(m). Plaintiff filed one affidavit of service [Doc. 59], and an extension of time to serve the remaining three Defendants [Doc. 60]. Plaintiff represented to the Court that a second defendant has also been served. [*Id.*] As explained more fully below, the Court found the affidavit of service that was filed to be deficient, and issued a second Order to Show Cause requiring Plaintiff to address the deficiencies and explain why the other Defendants had not been properly served. [Doc. 61.] Plaintiff failed to respond to the Court's Order.

## APPLICABLE LAW

**Service of Complaint**

The Federal Rules of Civil Procedure require that a defendant be served with a summons and a copy of the complaint within 120 days after the complaint is filed. Fed.R.Civ.P. 4(c)(1), (m). If a defendant is not served within the 120–day period, then "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period ." Id. Furthermore, "[e]ven if the [p]laintiff cannot show good cause, the court may, in its discretion, grant an extension of time if it deems such an extension to be warranted." *PerriClair v. Ace P'ship of Charleston SC*, 2011 WL 765671, *1 (D.S.C. Feb.23, 2011); *see* Fed.R.Civ.P. 4(m) advisory committee's notes (1993) ("[Rule 4(m) ] explicitly provides that the court shall allow

2

additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

In *Giacomo–Tano v. Levine*, the Fourth Circuit noted the following :

> In addition to specifying the 120–day period for service of process, Rule 4(m) states that "if the plaintiff shows good cause for the failure [to serve in a timely way], the court shall extend the time for service for an appropriate period." Although this language appears to require the district court to grant requested extensions of time, the requirement applies only if the plaintiff can establish good cause, and the determination whether good cause exists is one entrusted to the district court's discretion. *See Pan aras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340–41 (7th Cir.1996); *see also Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir.1997), *cert. denied*, 522 U.S. 1109, 118 S.Ct. 1038, 140 L.Ed.2d 104, 66 U.S.L.W. 3399 (U.S., Feb. 23, 1998) (No. 97–875); *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir.1997). Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service. *See Henderson v. United States*, 517 U.S. 654, 663, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996); Panaras, 94 F.3d at 341; Hendry, 116 F.3d at 449.

*Giacomo–Tano v. Levine*, 199 F.3d 1327, *1 (4th Cir.1999)(Table). In *Hansan v. Fairfax County School Board*, 405 Fed.Appx. 793, 794 (4th Cir. 2010)(unpublished), the court again cited *Henderson v. United States,* 517 U.S. 654, 663, (1996) for the proposition that the district court has discretion to extend the period of time for service of process if the plaintiff can show excusable neglect for his failure to serve. *See also Vantage, Inc. v. Vantage Travel Serv., Inc*., 2009 WL 735893 (D.S.C. March 20, 2009); *Cane Creek Cycling Components, Inc. v. Tien Hsin Indus. Co.*, 2007 WL 3028321, at *5 (W.D.N.C., October 15, 2007).

*Good Cause*

To grant an extension of time for service for good cause the court must find that the plaintiff has made "reasonable and diligent efforts to effect service" within the time period prescribed by law. Courts typically find good cause to extend the Rule 4(m) time limit where " 'external factors [ ] stifle a plaintiff's due diligence' in effecting service." *McCollum v. Genco Infrasructure Solutions*, 2010 WL 5100495, *2 (E.D. Va. Dec. 7, 2010, *quoting T ampersand S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W.Va.1996).  Typically, good cause is found to exist when some outside factor, rather than inadvertence or negligence, prevented service.  *Clyburn v. Champagne*, 2012 WL 4478971, *5 (D.S.C. Sept.28, 2012)("Courts typically find good cause to extend the Rule 4(m) time limit where external factors stifle a plaintiff's due diligence in effecting service." ); 4B Charles Alan Wright & Alan R. Miller, Federal Practice and Procedure: Civil § 1137 (3d ed.2002) (observing that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server").   Counsel's negligent failure to perfect service does not support a showing of good cause.   *McCollum v. GENCO Infrastructure Soluctions*, 2010 WL 5100495 at *2 (E.D. Va, 2010)*, citing United States v. Sea Bay Dev. Corp.*, No. 6–624, 2007 WL 1378544 (E.D.Va. May 8, 2007)).

**Rule 41(b) Dismissal**

 "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th

Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

>  (1) the degree of personal responsibility on the part of the plaintiff;
>
>  (2) the amount of prejudice to the defendant caused by the delay;
>
>  (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
>  (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

**DISCUSSION**

Plaintiff has failed to show either reasonable diligence in its efforts to effect service on the unserved Defendants or that its efforts were stifled. Plaintiff made no mention of good cause in its motion for extension of time, nor did Plaintiff provide any explanation for the lengthy delay in service. Plaintiff provided no detail on its efforts to locate and serve the remaining Defendants. Additionally, the sole affidavit of service that was filed with the Court, which purported to evidence service on Defendant John C. White, was deficient. As an initial matter, the affidavit appears to have been filled out on September 6, 2013, and was signed by an agent representing that he served Mr. White. [Doc. 59-1.] This information was then scratched out by hand and written over, with a new date of September 13, 2013, indicating that a different server served a different Mr. White "in jail." There is a notation in the corner of the affidavit that states "White stated he was wrong person after looking at complaint. Left complaint with him on desktop at front office." [*Id.*] This notation was crossed out. [*Id.*]

From this documentation, the Court could not determine when, where and if the proper Defendant White was served. [*See* Doc. 61.] Moreover, Plaintiff provided no explanation as to why it did not file this proof of service for five months until contacted numerous times by the Court. Plaintiff has made no attempt to address these deficiencies despite numerous communications from the Clerk's Office and Orders to Show Cause. Plaintiff has failed to demonstrate that it has followed the dictates of Rule 4(m) and Plaintiff's ignoring Court Orders leads the Court to the conclusion that Plaintiff is no longer interested in pursuing this action. Plaintiff has been given multiple opportunities to remedy

6

the defects in service. Defendants will be prejudiced if the Court simply allows the matter to continue. Moreover, it is Plaintiff's responsibility to prosecute its case, not the Court's. Plaintiff has demonstrated a history of ignoring this Court's Orders and the requirements of the Federal Rules of Civil Procedure. Therefore, the Court finds it appropriate to dismiss this case under both Rule 4(m) and under Rule 41(b).

## CONCLUSION

Wherefore, based upon the foregoing, the undersigned recommends that this case be DISMISSED.

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

March 5, 2014
Greenville, South Carolina